FILED

2022 Nov-04  PM 05:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ALABAMA NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Michelle McHargue, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Factory Outlet Mobile Home | ) | |
| Sales, Inc., d/b/a/ | ) | |
| Gerald Murray Mobile Homes, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Michelle McHargue, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Factory Outlet Mobile Home Sales, Inc., d/b/a Gerald Murray Mobile Homes ("Defendant") and seeks redress for discrimination suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant in violation of the Families First Coronavirus Response Act, **Pub. L. No. 116-136 § 5104(1), 28 U.S.C. § 1343,** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Families First Coronavirus Response Act, Pub. L. No. 116-136 § 1504-5, and 28 U.S.C. § 1343.

2. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims Count III because they are so related in this action within such original jurisdiction that they form part of the same case or controversy.

3. The unlawful employment acts alleged herein took place within the Northwestern Division of the Northern District of Alabama.

4. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

5. Plaintiff Michelle McHargue is over the age of nineteen (19), is domiciled in the State of Alabama, and is an eligible individual under the Families First Coronavirus Response Act.

6. Defendant Factory Outlet Mobile Home Sales, Inc., d/b/a Gerald Murray Mobile Homes, is a domestic corporation licensed to do business in the State of Alabama and at the time of Plaintiff's termination had more than five (5)

but less than five hundred (500) employees and was a covered employer under the Families First Coronavirus Response Act.

## GENERAL FACTS

7.  Plaintiff realleges paragraphs 1-6 as if fully set out herein.

8.  Plaintiff was employed by Defendant as a full-time sales associate and was regularly scheduled to work forty (40) hours per week.

9.  Plaintiff earned weekly wages of $250 and was guaranteed 12.5% commission on all sales the company made.

10. At all relevant times, Plaintiff was qualified to perform her job as a sales associate within the legitimate expectations of her employer.

## COUNT I
## VIOLATION OF THE FAMILIES FIRST CORONAVIRUS RELIEF ACT, AS AMENDED
## (Interference)

11. Plaintiff adopts and realleges paragraphs 1-10 as if fully set out in this count.

12. On or about October 27, 2020, Plaintiff was absent from work because she was experiencing COVID-19 symptoms and was seeking a medical diagnosis.

13. That same day, Plaintiff informed the Defendant that she was experiencing COVID-19 symptoms and was seeking a medical diagnosis.

14. Defendant was fully aware of the health status of the Plaintiff by virtue of the regular updates that Plaintiff provided to Defendant.

15. Plaintiff was initially misdiagnosed with double pneumonia.

16. Plaintiff was later tested for COVID-19 on or about November 4, 2020.

17. From October 27, 2020 to November 4, 2020, Plaintiff was absent from work because she was experiencing COVID-19 symptoms and was seeking a medical diagnosis.

18. On or about November 5, 2020, Plaintiff received positive COVID-19 test results.

19. Plaintiff's test results included a physician's note stating that she had to self-isolate and could not return to work for twelve (12) days.

20. On or about November 6, 2020, Plaintiff provided Defendant with said positive COVID-19 test results, including the physician's note ordering twelve (12) days of self-quarantine.

21. As of November 6, 2020, the Defendant was fully aware of the updated health status of the Plaintiff by virtue of the regular updates that Plaintiff provided to Defendant.

22. Plaintiff's twelve (12) days of physician directed self-quarantine would have expired on November 17, 2020.

23. From November 5, 2020 to November 16, 2020, Plaintiff was absent from work due to physician directed quarantine for COVID-19.

24. Plaintiff attempted to make phone calls on behalf of the Defendant while she was out of the office due to COVID-19.

25. Plaintiff was not paid any weekly wages during the time she was experiencing COVID-19 symptoms and seeking a medical diagnosis.

26. Further, Plaintiff was not paid any weekly wages during her twelve (12) day physician directed self-quarantine.

27. Defendant's unlawful failure to provide Plaintiff with Emergency Paid Sick Time is in violation of the Emergency Paid Sick Leave Act, Pub. L. No. 116-136 §§ 5105(a).

28. Defendant violated Plaintiff's protected rights under the Families First Coronavirus Response Act, Pub. L. No. 116-136, as amended by the Emergency Paid Sick Leave Act, when it failed to pay Plaintiff up to two (2) weeks or eighty (80) hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment that Defendant's past acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response Act, Pub. L. No. 116-36, as amended;

B. Order Defendant to make whole the Plaintiff by providing compensatory damages plus an equal amount of liquidated damages as provided in 29 U.S.C. § 216(b);

C. Award Plaintiff reasonable attorney's fees, costs, and expenses;

D. Order Defendant to make whole the Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to appropriate back pay and other benefits wrongfully denied, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, and;

E. Grant such further relief as the Court deems necessary and proper.

## COUNT II
## VIOLATION OF THE FAMILIES FIRST CORONAVIRUS RELIEF ACT, AS AMENDED
### (Retaliation)

29. Plaintiff adopts and realleges paragraphs 1-10 as if fully set out in this count.

30. Plaintiff's twelve (12) days of physician directed self-quarantine would have expired on November 17, 2020.

31. When Plaintiff's physician directed self-quarantine period was almost over, Plaintiff reached out to the Defendant to discuss her to return to work.

32. However, before Plaintiff was cleared to return to work by her physician because of the concerns for her health regarding her positive COVID-19 diagnosis, she was terminated by the Defendant.

33. Plaintiff received notice of her termination via Laura Morgan on or about November 16, 2020, which was prior to the end of Plaintiff's physician directed self-quarantine period.

34. The reason given for Plaintiff's termination was that she had been out sick and had not been at work due to her physician directed self-quarantine for COVID-19.

35. Plaintiff's need for time off work, due to the concerns related to COVID-19 expressed by her physician, was the motivating factor behind her termination.

36. Plaintiff would not have been terminated but for her positive COVID-19 test and related twelve (12) day self-isolation period.

37. Defendant willfully and intentionally retaliated against the Plaintiff by terminating her employment.

38. Defendant violated Plaintiff's protected right under the Families First Coronavirus Relief Act, specifically the protection against discharge for a protected, COVID-19 related need for leave under the Emergency Paid Sick Leave Act, Pub. L. No. 116-136 § 5105(b), when it unlawfully and retaliatorily terminated Plaintiff due to her positive COVID-19 diagnosis and orders from her physician to self-isolate.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment that Defendant's past acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response Act, Pub. L. No. 116-36, as amended;

B. Order Defendant to make whole the Plaintiff by providing compensatory damages plus an equal amount of liquidated damages as provided in 29 U.S.C. § 216(b);

C. Award Plaintiff reasonable attorney's fees, costs, and expenses;

D. Order Defendant to make whole the Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to appropriate back pay and other benefits wrongfully denied, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, and;

E. Grant such further relief as the Court deems necessary and proper.


## COUNT III
## Breach of Contract

39. Plaintiff adopts and realleges paragraphs 1-10 as if fully set out in this count.

40. Plaintiff and Defendant entered into an agreement where Defendant guaranteed to pay Plaintiff 12.5% of the commissions from every sale made by the Defendant.

41. Such agreement was entered into without coercion or duress.

42. Plaintiff relied on this agreement and dutifully performed by frequently assisting coworkers in making sales.

43. Prior to taking leave due to COVID-19, Plaintiff worked on a sale with a coworker and was promised 50% of the commissions from that sale by the Defendant and other sales which would have rendered a 12.5% commission rate.

44. On or about November 9, 2020, Laura Morgan informed Plaintiff that she would not be paid 50% of the commissions from the sale she worked on as she had been promised.

45. As a result of said sale, Plaintiff was actually paid less than her 12.5% commission guarantee.

46. Plaintiff also sold other units in which she received zero commission prior to her termination.

47. After her termination and to date Plaintiff has not been paid commission on sales made prior to her termination.

48. Defendant breached its agreement with Plaintiff causing her to suffer damages.

49. Plaintiff has a good faith belief she is owed approximately $6,000

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment that Defendant breached its contract in violation of Alabama law by refusing to pay Plaintiff for her work;

B. Require Defendant to pay Plaintiff compensatory damages in an amount to be determined by a jury as provided for under Alabama law for Defendant's willful breach of contract in refusing to pay Plaintiff for her work performed;

C. Award Plaintiff her reasonable attorneys' fees and costs and expenses of suit, and;

D. Grant such further relief as the Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

The plaintiff demands a jury for the trial of this action.


Respectfully submitted:

/s/ D. Jeremy Schatz
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*


/s/ Raymond C Foushee
Ray Foushee
ASB-9344-x13g
*Attorney for Plaintiff*


**OF COUNSEL:**
Virtus Law Group
100 41st St. S. Ste. A.
Birmingham, AL 35222
Phone: (205) 946-1924
Fax: (205) 650-8985
js@vlgal.com
rf@vlgal.com

**<u>Clerk, please serve the Defendant via certified mail:</u>**

Factory Outlet Mobile Home Sales, Inc.
C/O Gerald D. Murray
2903 Woodward Avenue
Muscle Shoals, AL 35661